## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

PAUL A. GIRAGOSIAN,

Debtor.

Case No. 07-13515-RGM
(Chapter 13)

### MEMORANDUM OPINION AND ORDER

This case is before the court on the debtor's motion for an expedited hearing (Docket Entry 30) on his motion for a continuance of the automatic stay. (Docket Entry 29). Local Bankruptcy Rule 9013-1(N)(2) requires counsel certify that the emergency justifying the expedited hearing was not created through any lack of due diligence.

In this case, although counsel made the required certification, the court cannot accept the certification. This is the debtor's second chapter 13 case within one year. The first was filed on December 11, 2006 and dismissed on October 15, 2007.[1] (Docket Entry 95). Present counsel also represented the debtor in the prior case.

The debtor filed the present case on November 16, 2007. The motion to extend the automatic stay was filed yesterday, Thursday, December 13, 2007, at 5:03 p.m. The motion for an expedited hearing was filed immediately thereafter. The 30th day after the filing of the petition is Sunday,

---

[1] During the pendency of the prior case relief from the automatic stay was granted as to the three properties encumbered by obligations on which the debtor was liable. An order granting relief from the automatic stay as to 23 Oak Street was entered on April 9, 2007 which required the sale of the property by July 5, 2007. (Docket Entry 53). An order authorizing the sale was entered on March 23, 2007. (Docket Entry 39). An order granting relief from the automatic stay as to 3 Morgan Road was entered on August 20, 2007 which required the loan be paid on or before November 15, 2007. (Docket Entry 88). An order granting relief from the automatic stay as to 4265 Fox Lake Drive was entered on September 4, 2007. (Docket Entry 90). The fourth property scheduled was 17531 Mariah Mountain Lane. The debtor claims to be a joint tenant but not to be liable on the note secured by the property. All four properties are listed in this case. In addition, a chapter 13 plan was confirmed on June 14, 2007. (Docket Entry 68).

December 16, 2007. Thus, the automatic stay terminates, unless extended, on Monday, December 17, 2007, and the hearing must be held on Monday if the automatic stay is to be extended.

Counsel knew that Bankruptcy Code §362(c)(3) was applicable and that the 30-day period expired on December 17, 2007.[2] Nonetheless, the motions were not filed until after the close of business on the 27th day. Had the motion for the continuation of the automatic stay been filed when the petition was filed, it could have been noticed for a hearing on the regularly scheduled hearing date of December 12, 2007. This delay is not explained and defeats the requirement that the emergency not be created through a lack of due diligence.

In granting an expedited hearing, the court weighs the necessity of the hearing with the adequacy of notice to the affected parties. In this instance, it is unlikely that the affected secured lenders, much less any affect unsecured creditor, would receive any meaningful notice of an expedited hearing. None would likely be able to participate in the hearing. In light of the adequacy of the time the debtor had to file the motion and set it on a regularly scheduled hearing date and the unnecessary prejudice that will be suffered by the creditors, the court will not set the motion for hearing on an expedited basis. Counsel should notice the motion for the court's next regularly scheduled relief from stay calendar for which there is sufficient time to give all affected parties the required notice of the hearing.

---

[2] It makes no difference whether counsel knew or should have known of the prior case. The same result is reached. With internet access to the court's records, all counsel who file a case should know if a debtor has filed a prior case in this court. Here, counsel was also counsel in the prior case and listed the prior case on the petition in this case as well as a third case filed on December 28, 1999 in which present counsel also represented the debtor.

## **ORDER**

For the foregoing reasons, it is

ORDERED that the motion for an expedited hearing is denied.

Alexandria, Virginia
December 14, 2007

                                              /s/ Robert G. Mayer
                                              Robert G. Mayer
                                              United States Bankruptcy Judge

Copy electronically to:

Tommy Andrews, Jr.
Gerald M. O'Donnell

13915